# HOLT *vs.* SCHOOL COMMISSIONERS OF MOBILE.

[SPECIAL STATUTORY PROCEEDING TO RECOVER PENALTY FOR RETAILING SPIRITUOUS LIQUORS WITHOUT LICENSE.]

1. *Construction of act of* 1856 *respecting public schools in Mobile.*—The act of 1856, "supplementary of an act entitled 'an act to regulate the system of public schools in Mobile county,' approved January 16, 1854," (Session Acts 1855–6, p. 148; *ib.* 1853–4, p. 190,) does not repeal that provision of the former statute, which directed the collection and appropriation to school purposes of a tax on licenses for retailing spirituous liquors, and imposed a penalty of three times the amount of the license for its violation.

APPEAL from the City Court of Mobile.

Tried before the Hon. ·ALEX. McKINSTRY.

THIS proceeding was instituted by the appellees, to recover of the defendant the penalty of $150, under the act approved January 16, 1854, entitled "An act to regulate the system of public schools in the county of Mobile," for having retailed spirituous liquors without first procuring a license as required by said act. On the trial, as appears from the bill of exceptions, the plaintiffs introduced the said act of 1854 in evidence, with the supplemental act of 1856; and proved that the defendant, on the 18th February, 1856, had retailed spirituous liquors in the city of Mobile, without first procuring a license from the judge of probate of the county. "Thereupon, the court charged the jury, that the said act of 1856 did not repeal the said act of 1854, so as to prevent the plaintiffs from recovering in this suit; to which charge the defendant excepted," and which he now assigns as error.

The fourth section of the act of 1854 is in these words:

"SEC. 4. *Be it further enacted,* that from and after the 15th day of December, A. D. 1853, there shall be annually collected in Mobile county, for the support of public schools therein, and to be appropriated and disbursed under the directions of the Mobile school commissioners, the following taxes—to-wit: 1. On all subjects of taxation embraced in the revenue laws of the State, except licenses, an amount

equal to one-fourth of the amount levied by the commissioners of revenue of Mobile county for the county tax of the county." * * * " 3. The following license taxes shall also be collected by the judge of probate of Mobile county, for the use of the said Mobile school commissioners, at the same time and in the same manner that he collects the license taxes for the use of the State and county." * * * " 8. To authorize the retailing of spirituous liquors in the city of Mobile, $50.

The fifth section provides, " that if any person or persons shall attempt the exhibition of any of the above-named shows, games, or amusements, or shall presume to do, without license first obtained, any of the things herein declared to require a license, he, she, or they shall pay the said Mobile school commissioners three times the amount herein required for the appropriate license ; to be recovered by suit, upon three days notice, served personally upon the offender, before any court having jurisdiction of the amount."—Session Acts 1853–4, pp. 190–95.

The act of 1856, as copied from the enrolled bill, is as follows :

" An act supplementary to an act entitled ' An act to regulate the system of public schools in the county of Mobile,' approved January 16th, 1854.

" Sec. 1. *Be it enacted*," &c., " that the entire amount of taxes now required by law to be collected by the judge of probate of Mobile county, for the State, on licenses authorizing the retailing of spirituous liquors, the use of a nine or ten pin alley, or any alley, table or board of that description, or authorizing the use of any billiard, pool, or bagatelle table or board, on which games are played, in the county of Mobile, shall, on and after the passage of this act, be appropriated to the public school fund of said county.

" Sec. 2. *Be it further enacted*, that the board of Mobile school commissioners be, and they are hereby, authorized and empowered, whenever in their judgment the success and propriety of the public school system in force in said county demand it, to *lay* (?) a tax, not exceeding one-twentieth of one per-cent, upon the real and personal property of said county, as found by the latest appraisement roll of the State and county assessor, for the benefit of said schools. The tax

so levied shall be certified to the collector of State and county taxes for said county, who shall proceed to collect it in the same manner, and for the same fees, as is now prescribed by law for the collector of State and county taxes for said county, and said collector shall deposit the same in such bank in the city of Mobile, as shall be selected by the board of Mobile school commissioners; and the act approved January 16th, 1854, authorizing the levy of a tax, on all subjects of taxation embraced in the revenue laws of the State except licenses, an amount equal to one-fourth of the amount levied by the commissioners of revenue of Mobile county for the county tax of the county, and all prior acts authorizing a levy on the county tax of Mobile county for school purposes, be, and the same are hereby, repealed." · ·

"Approved, February 15, 1856."

E. S. DARGAN and R. H. SMITH, for the appellant.

P. HAMILTON and JOHN T. TAYLOR, contra.

STONE, J.—We are fully satisfied that there is no error in this record, prejudicial to the appellant. The act approved February 15, 1856, (Pamphlet Acts, 148–9,) was not intended to repeal the act "to regulate the system of public schools in the county of Mobile." Its only purpose was to abrogate so much of that act as authorizes the levy of a tax, "on all subjects of taxation embraced in the revenue laws of the State, an amount equal to one-fourth of the amount levied by the commissioners of revenue of Mobile county for county tax of the county." The words, "except licenses," mentioned in the statute, and omitted in the above extract, are no farther operative than as they are descriptive of that portion of the statute which it repeals.

The act of 1856 is obscure, and might have been framed with more precision. Still it contains enough to show that it was not intended to repeal, and does not repeal, the statute of 1854. The following, among others, are some of the reasons in support of this opinion.

The act of 1856 is described in the caption as "An act supplementary to an act to regulate the system of public

schools in Mobile county." A repealing statute could not be *supplementary* to the statute repealed.

The act of 1854 repealed all former statutes on the subject of public schools for Mobile county, and provided for a system new and entire. Repealing that statute, would leave the county without a system ; and the act of 1856 could then be productive of no results.

The repealing clause, although it refers to the act of January 16, 1854, fails to describe it, either by its caption, or by such other reference to its contents as to show an intention to repeal the entire law. On the contrary, the reference is only to *one* of many purposes of that comprehensive statute.

The act of 1856 provided a new principle of assessment " upon the real and personal property of said county," whenever demanded for the success of their school system ; and the repealing clause was intended to be operative, only so far as former statutes conflicted therewith.

The repealing clause, it is true, speaks of the "act approved January 16th, 1854." This does not necessarily embrace the entire statute. The language employed demonstrates that it was used for an object more limited, and we are bound to give to it the more limited significance.—Rawls v. Doe, *ex dem.* Kennedy, 23 Ala. 249.

There is no error in the record, and the judgment of the city court is affirmed.