BROOKS *vs.* MOBILE SCHOOL COMMISSIONERS.

[ACTION AGAINST LICENSED AUCTIONEER TO RECOVER SCHOOL TAX.]

1. *General rule for construing statutes.*—Statutes are to be so construed, if possible, as to give some effect to every clause, and not to place one portion in antagonism to another.

2. *Construction of act of* 1856 *respecting public schools in Mobile.*—The act of 1856, " supplementary of an act entitled ' an act to regulate the system of public schools in Mobile county,' approved January 16th, 1854," (Session Acts 1855-6, p. 148 ; *ib.* 1853-4, p. 190,) does not repeal that provision of the former statute which directed the collection and appropriation to school purposes of a tax on auction sales.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by the appellees, against Augustus Brooks, a regularly licensed auctioneer in and for the city and county of Mobile, to recover the school tax on the amount of auction sales made by the defendant from the 15th February, 1856, to the commencement of the action. The parties waived a trial by jury, and submitted the cause to the decision of the court, " on the facts and law " arising on the following agreed case: "It is admitted, that the defendant was regularly appointed an auctioneer for Mobile county on the 5th March, 1856, having complied with all the requirements of the law regulating auctioneers, and was a duly authorized auctioneer in the city of Mobile on or before the 15th February, 1856; that, as such auctioneer, he has sold $37,386 worth of property, and has received the same; and that he has not paid to the said school commissioners the tax assessed by the act of January 16, 1854, amounting to

$186, 93, or one half of one per cent. on the amount of said sales." The court rendered judgment for the plaintiffs, and its judgment is now assigned as error.

The acts of 1854 and 1856, respecting the public schools in Mobile, the construction of which is involved in the case, may be found in the ,Session Acts of 1856, p. 148, and Session Acts of 1853–4, p. 190; and the material portions of them are also copied into the report of the case of Holt v. Mobile School Commissioners, 29 Ala. 451.

E. S. DARGAN, for the appellant.

STONE, J.—In Holt v. School Commissioners of Mobile, 29 Ala. 451, we placed a construction on the statute of February 15, 1856, which must be decisive of this case. In that case, it was argued, that the act above referred to repeals the entire "act to regulate the system of public schools in the county of Mobile," approved January 16th, 1854.—Pamph. Acts, 1853–4, p. 190. We held, that the later enactment was only intended to repeal so much of the former statute "as authorizes *the levy of a tax on all subjects of taxation embraced in the revenue laws of the State, an amount equal to one-fourth of the amount levied by the commissioners of revenue of Mobile county for county purposes*," except licenses.

We are satisfied that the words above italicized were employed by the legislature, not to designate *the subjects of taxation*, as to which the right to tax was taken away, but to *point out* the portion of the statute intended to be repealed. The descriptive words of the repealing clause of the act of 1856, are the identical words found in the act of 1854, § 4, subd. 1. We showed in the former case, as we then believed, and now believe, that the repealing clause we are considering would not admit of a construction so large, as to repeal the entire statute of 1854. It being thus shown that the entire statute of 1854 is not repealed, the question arises, to what extent is it repealed? The repealing clause refers to something less than the whole act: what does it refer to? The words pointing to only a portion of the act, it follows that the repeal

operates only on that portion which is identified with reasonable certainty.

It is now argued, that inasmuch as all the subjects of assessment, enumerated in the act of 1854, are " subjects of taxation embraced in the revenue laws of the State," the repeal must be held to embrace all these subjects of taxation " except licenses;" that auction sales are a subject of taxation under our revenue laws, and that they are exempt from taxation at the hands of the school commissioners.

We would adopt this construction, if the words, " subjects of taxation," stood alone and unexplained in the act of 1854. They are, in themselves, comprehensive enough to embrace every subject of assessment found in our revenue laws. But they do not stand alone. In section 4 of that act, subdivision 1 provides for " all subjects of taxation embraced in the revenue laws of the State, except licenses;" subdivision 2 provides for "auction sales ;" subdivision 3, for " license taxes." We must so construe this statute, if possible, as to give to each clause some effect, and not to place one portion in antagonism to another. If the words, " all subjects of taxation embraced in the revenue laws of the State," be understood in their literal import, they certainly comprehend auction sales. This construction would force us to one of the two alternatives, either to declare the second subdivision of section 4 wholly inoperative, or to hold that the act of 1854 authorized a double assessment on auction-sales—first, of " one-fourth of the amount levied by the commissioners of revenue of Mobile county," under subdivision 1 ; and, second, of " one-half of one per cent. on all actual sales," under subdivision 2. Each of these constructions would lead to results alike unauthorized and absurd.

The true construction, we are satisfied, gives to each of these subdivisions a separate field of operation.

We hold, then, that subdivision 1 provides for subjects of taxation, other and different from those embraced by subdivisions 2 and 3. We hold further, that the words of reference in the act of 1856, which are copied from the

act of 1854, must, in the very nature of things, be understood in the same sense in each statute. Thus understood, the true sense and operation of those statutes, as they now exist, may be ascertained by reading the act of 1854 as if the 1st subdivision of section 4 were stricken out; and the act of 1856, omitting the repealing clause.

The judgment of the city court is in strict conformity with these views, and is affirmed.