McCann v. McLennan.

## McCann v. McLennan.

PLEADING. *No reply* to new matter alleged in the answer is necessary, unless it constitutes a counter-claim or set-off.

CONSTRUCTION OF STATUTES. In the construction of statutes, effect must, if possible, be given to every clause; and one clause must not be placed in antagonism to another.

——. Specific provisions relating to a specific subject-matter control general provisions.

PRACTICE: *Remanding causes.* If a new trial cannot be awarded, this Court will render such judgment as the District Court should have rendered, and not remand the cause for judgment.

This was a petition in error to a judgment rendered by the District Court for Otoe County. The facts sufficiently appear in the opinion of the Court.

*Shambaugh & Richardson*, for plaintiff in error.

*E. Archbold*, for defendant in error.

CROUNSE, J.

The agreement of the attorneys in the Court below, by which the cause was submitted to the determination of the Court on the pleadings without proof, must bind the parties. They were competent to enter into the stipulation; and there is no suggestion in the record that any advantage was taken by either: had there been, the Court below was the place to seek relief from it.

The defendant, by his answer, admits the execution and delivery of the note. The answer sets up a good defence to it, however, if it is to be taken as true with-

McCANN *v.* McLENNAN.

out the introduction of proof to support it. The Court held in effect, that, by the failure of plaintiff to reply, the facts contained in the answer were to be taken as true. The answer set up new matter, but not such as constitutes either a counter-claim or set-off. The question then presented for the determination of this Court is, whether such an answer demands a reply or not: if it does, the judgment of the Court below is right; if it does not, the judgment must be ordered for the plaintiff for the amount claimed. The following sections of the Code refer to the subject. In chap. v., under the head of " Reply," we have two sections in these words: " Sect. 108.—There shall be a reply or demurrer to every material allegation of new matter set up in the defendant's answer; and every material allegation of new matter in the answer, not controverted by the reply of the plaintiff, shall, for the purposes of the action, be taken as true: but the allegations of new matter in the reply shall be deemed controverted by the adverse party. Allegations of value, or of amount of damages, shall not be considered as true by failure to controvert them. Sect. 109. — When the answer contains new matter constituting a counter-claim or set-off, the plaintiff may reply to such new matter, denying generally or specifically each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter, not inconsistent with the repetition, constituting a defence to such new matter in the answer; or he may demur to the same for insufficiently stating in his demurrer the grounds thereof; and he may demur to one or more of such defences set up in the answer, and reply to the residue."

In the next chapter, under the head of " General Rules of Pleading," we have, — " Sect. 134. — Every material

MᴄCᴀɴɴ *v.* MᴄLᴇɴɴᴀɴ.

allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer, constituting a counter-claim or set-off, not controverted by the reply, shall, for the purposes of the action, be taken as true; but the allegation of new matter in the answer, not relating to a counter-claim or set-off or of new matter in reply, shall be deemed to be controverted by the adverse party as upon a direct denial or avoidance, as the case may require. Allegations of value, or of amount of damage, shall not be considered as true by failure to controvert them."

By the first of these sections, it will be seen that a reply is required to every allegation of new matter set up in the answer, with no qualification that such new matter is confined to that constituting a counter-claim or set-off; while in the last a reply is demanded only in case the answer sets up a counter-claim or set-off. There is, upon their face, an apparent conflict.

Notwithstanding we may be satisfied that this seeming hostility between these different provisions was not the result of deliberate purpose of the legislature enacting them, but was the result of the haste attending the revision of the statutes by the legislature of 1866, yet, being parts of the same act, we must interpret them without reference to any former statute on the same subject, or to the history of their enactment.

One of the first and most imperative canons of construction commands us to construe statutes so as to give, if possible, some effect to every clause, and not to place one portion in antagonism to another. *Brooks* v. *Mobile School Commissioners*, 31 *Ala.*, 227. Applying this rule to sect. 108 above, we could not accept it literally and fully without destroying and annulling sect. 134. New matter is not confined to counter-claim or set-off; and it is therefore utterly impossible to require a reply to

McCANN *v.* McLENNAN.

every allegation of new matter, and at the same time give effect to sect. 134, which distinctly says that "the allegation of new matter in the answer, not relating to a counter-claim or set-off or of new matter in reply, shall be deemed to be controverted by the adverse party as upon direct denial or avoidance, as the case may require."

Another familiar rule of construction is, that specific provisions relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law, which might otherwise be broad enough to include it. *Pelt* v. *Pelt,* 19 *Wis.,* 193 ; *City of Covington* v. *McNickle's Heirs,* 18 *B. Monroe,* 286 ; *Peyton* v. *Moseley,* 3 *Mon.,* 77. Here, in sect. 108, we have the general provision that all new matter must be replied to. In a subsequent section, this new matter is limited to such, however, as constitutes a counter-claim or set-off. In this way the whole may be harmonized, and effect given to all parts of the statute. It is saying, in effect, that all new matter amounting to a counter-claim or set-off must be replied to : that not constituting such counter-claim or set-off will be considered denied without reply.

I know that the practice has prevailed in the several districts to reply to all allegations of new matter in the answer. This no doubt has been done, not from any conviction, that, under the law, it is necessary, but because it has been thought easier to do so than hazard an adverse determination of this Court. But, as the matter is squarely presented in the case before us, I am of the opinion, that, under the existing provisions of the Code, a reply to an answer is demanded only in cases where such answer sets up new matter constituting a counter-claim or set-off.

We were asked by counsel for the defendant in error,

that, in the event we should so hold, the cause might be remanded to the Court below, so that proof might be given in support of the answers. I do not see how we can do that. There were no errors arising upon the trial which entitled either party to a new trial. Neither would it be just to the other party to do so if we could. The agreement to submit the cause to the determination of the Court without proof is explicit, and was deliberately entered into. It necessarily involved the contingency of this Court construing the statute. Should we hold a reply is necessary, the defendant demands, and would be entitled to, an affirmance of his judgment. Holding otherwise, he must yield to the effect of such determination; and it becomes the duty of this Court to render such judgment as the Court below should have rendered, or remand the cause to that Court for such judgment. Sect. 594, *Code.*

The judgment of the Court below is reversed; and judgment will be entered in the Court for the plaintiff for the amount claimed in his petition.

Judgment accordingly.