# Watson & Wife *v.* Stone.

*Petition for Review and Reëxamination of Cause under Ordinance No. 40 of Convention of 1867.*

*Ordinance No.* 40 *of Convention of* 1867, *construed.* — Ordinance No. 40 of the Convention of 1867, to allow widows, orphans, and others to review the validity of sales and settlements of estates made by guardians, trustees, &c., passed February 6, 1867, was mandatory upon the general assembly to pass proper laws to carry its provisions into effect; but in the absence of such legislation was inoperative and conferred no power on the courts.

THIS was a petition filed in the supreme court, on the 17th day of July, 1870, by A. B. Watson and his wife, formerly A. V. Stone, praying that a judgment of the probate court of Lowndes county, rendered on the 25th day of November, 1865 (whereby her guardian, Warren T. Stone, on his final settlement was, as petitioners allege, erroneously and improperly

[Watson v. Stone.]

allowed credit for certain moneys invested in Confederate bonds and treasury notes), and the judgment of affirmance thereon rendered by the supreme court, on petitioner's appeal, at its January term, 1867, be set aside, vacated, and annulled; and that "the questions as to the correctness of the allowance of said credits be tried *de novo* by the supreme court of Alabama," and for general relief. In the view which the court took of the case it is not necessary to set forth more in detail the statements in the petition.

SAMUEL F. RICE, for petitioners.

T. H. WATTS, *contra*. — The ordinance of the Convention of 1867, upon which the petition is based, affords no support to the petition.

1. If valid at all, it simply makes it *obligatory upon the legislature* to pass proper laws to authorize the courts to review and reëxamine certain decisions and judgments. It is not self-executing, and does not of itself profess to give any rights. *Groves* v. *Slaughter*, 14 Peters; *Pope* v. *Pearce*, 42 Ala. Its loose and meaningless language shows this.

2. If it be conceded that it is self-executing, it has no application to the supreme court; for it cannot try cases *de novo*, in any proper technical sense.

3. Whatever may be the powers of conventions in general, and they are not ordinarily held to be possessed of legislative powers, the Convention of 1867 had no such power. The powers of the Convention of 1867 were specifically limited by the act of Congress which authorized it to assemble. Even if called without restrictions, the convention had no legislative powers. Jamison on Constitutional Conventions, §§ 418–430, and cases there cited.

BRICKELL, C. J. — "It is most unquestionably true, that after the final adjournment of this court it ceases to have any power over its records, other than such as is incident to all courts of general jurisdiction, that of correcting clerical errors where the record affords matter upon which to base such correction. After its final adjournment, its judgments are absolute and conclusive, and the court has no power over them." *Vandyke* v. *State*, 22 Ala. 57.

The petitioners, not controverting this undeniable principle, claim that the court has power by virtue of Ordinance No. 40, of the Convention of 1867, to vacate a judgment rendered against them at the January term, 1867. The ordinance reads as follows, viz. : —

## " An Ordinance,

" To allow widows, orphans, and others, to review the validity of sales and settlements of estates made by guardians, trustees, &c.

" *Be it ordained by the People of the State of Alabama in Convention assembled*, That it shall be obligatory upon the legislature to pass such laws as may be necessary to authorize and direct the courts of probate, courts of chancery, and all other courts of this State, to reëxamine and review all decisions heretofore made in cases in which the validity of sales of persons acting in a fiduciary capacity as executors, administrators, guardians, trustees, or otherwise, of property for Confederate bonds, treasury notes, or other securities, has been passed upon ; and all decisions in which credits have been claimed by such persons, in respect of receipts or payments in such funds or securities, shall have been passed upon ; and such revisions may be made on the petition of any one of the parties injured by the decisions of such courts in which the question shall be tried *de novo :* Provided, such petition shall be filed within three years from this date, except in.the case of minors and unmarried [married ? ] women, who may proceed by petition within one year from the removal of the disability of marriage or infancy ; and when judgment shall be rendered in favor of such petitioner, the real estate or property so sold shall be liable to the satisfaction of such judgment : Provided, nothing herein contained shall authorize such petition, or to recover judgment for any property in shares.

" Passed, February 6, 1867."

The subject of the ordinance is of the greatest importance, and it is to be regretted that the intention of the convention in its adoption, and the extent of its operation, are not more clearly expressed. Its different parts are rather contradictory and inconsistent, and we are not sure that any construction, which may be given it as a whole, will conform to the intention of its framers. Lord Coke says : " The best expositor of all letters patent and acts of parliament are the letters patent and the acts of parliament themselves, by construction, and comparing all the parts of them together." It has been said by this court, that " sound exposition requires effect to be given to every significant clause, sentence, or word in a statute." *Spivey* v. *State*, 26 Ala. 101. Or, as expressed in another case, " Statutes are to be so constructed, if possible, as to give some effect to every clause, and not to place one portion in antagonism to another." *Brooks* v. *School Comm's Mobile*, 31 Ala. 227. The first sentence of this ordinance evidently does not confer on the courts authority to reëxamine and review the

[Watson v. Stone.]

decisions to which it refers. By its very terms, its whole purpose is to declare that it shall be obligatory on the legislature " to pass such laws as may be necessary to authorize and direct " the courts to review and reëxamine certain decisions. On the courts it conferred no power, and imposed no duty. On the legislature it imposed the duty of conferring on the courts a power they could not exercise in the absence of legislation, — a power denied to them by the common law, — that of reviewing, reëxamining, altering, or modifying final judgments, orders, or decrees, after the expiration of the term of their rendition. If this clause of the ordinance stood alone, without the succeeding clauses or sentence, the ordinance would be complete in itself, — capable of operation, and clear in construction. While it would confer no power on the courts, it would not only authorize, but command, the legislature to confer such power. *Pearce* v. *Pope*, 42 Ala. 319.

The subsequent clauses render the ordinance obscure. They declare the revisions it authorizes may be made on petition of any party injured by the decisions, and that the question should be tried *de novo*, limiting the right to apply for revision to three years from the date of the ordinance, with a saving of the rights of married women and infants. These clauses would seem to indicate that the legislative intent was that the courts should at any time, within three years from the adoption of the ordinance, make the revisions on the petition of any party injured. Disconnected from the preceding sentence, they could be construed as conferring power on the courts, and prescribing the mode in which it should be exercised. If that construction is now given them, it renders the mandatory words of the preceding sentences without meaning or effect, and produces a palpable inconsistency and contradiction between the several clauses. If the ordinance is construed as commanding the legislature to pass the laws necessary for the review and reëxamination of the decisions to which it refers, prescribing a petition as the remedy to be pursued, and three years from the adoption of the ordinance as the period in which the remedy must be pursued, effect is given to its several clauses, and it is as a whole harmonious. This is the exposition we are compelled to make, under the clearly defined rules of construction to which we have referred. The legislature not having performed the duty cast upon it by the ordinance, and the ordinance by its terms expiring after the lapse of three years, the court is without power to entertain the application made in this cause, and it must be overruled.

MANNING, J. — I concur in the conclusion announced by the court, for other reasons than those set forth by the chief justice.