OCTAVE BOUSCAREN v. NORMAN H. BROWN ET AL.

FILED JUNE 5, 1894. No. 5531.

1. **Pleading:** JUDGMENT FOR DEFENDANT IN DEFAULT OF ANSWER. Every material averment in a petition, for the purposes of the action, stands admitted by operation of law when no answer is filed, and when the petition states a cause of action it is error to render judgment in favor of a non-answering and defaulting defendant.

2. **Landlord and Tenant:** LEASE. Where a lease stipulates that the lessee shall pay the rent for a definite period upon the demised premises, the mere acceptance of the rent by the lessor from the assignee of the lease will not discharge the lessee, even though the lessor had knowledge of the assignment, and that the assignee had gone into possession.

3. **Instructions:** TRIAL. Instructions should be applicable to the

pleadings and evidence.    An instruction which substantially withdraws from the jury, or leaves them at liberty to disregard, a material fact established by the evidence is erroneous.

ERROR from the district court of Douglas county.   Tried below before FERGUSON, J.

*Cavanagh, Thomas & McGilton,* for plaintiff in error:

Neither the assignment of a lease nor the acceptance by the lessor of rent from the assignee releases a lessee from a covenant to pay rent. (*Bailey v. Wells,* 8 Wis., 39; *Fletcher v. McFarlane,* 12 Mass., 43; *Port v. Jackson,* 17 Johns. [N. Y.], 238; *Walton v. Cronly,* 14 Wend. [N. Y.], 64; *Kunckle v. Wynick,* 1 Dal. [U. S.], 305a; *Barhydt v. Burgess,* 46 Ia , 476.)

*Hall, McCulloch & English, contra.*

NORVAL, C. J.

This action was brought by plaintiff in error to recover rent alleged to be due upon a written lease made by him to the defendants in error.   The petition alleges, substantially, that on the 10th day of March, 1889, plaintiff, by a lease in writing, demised and let to the defendants certain premises in the city of Omaha, known as the "Omaha Stables," and situate on lot 5, block 149, of the said city, for the term of one year from said date, for which said lessees agreed to pay as rent the sum of $195 per month, payable upon the first day of each month during the term; that defendants entered into possession of the said premises on the date of said lease and have paid the stipulated rents until the 1st day of July, 1889, but of the sums becoming due since said date no part has been paid, except there was received on the date last aforesaid $150, a like sum on the 1st day of August, and $150 on September the 1st.   The defendant Gustave B. Hengen did not answer, but made default.   The defendant Norman H. Brown, for his sep-

arate answer, admits the execution and delivery of the lease, and denies all other averments in the petition. For further answer he alleges that plaintiff sold said barn and the ground lease to one Walker on or about June 19, 1889, to take effect on the 1st day of July following, and about the same time the defendants sold what personal property they had in said barn to said Walker, who took possession of the same with the knowledge and consent of plaintiff and in compliance with a written agreement entered into between said plaintiff and said Walker; that plaintiff thereby released defendants from any further obligation under said lease. The answer further alleges that said Walker and said plaintiff, by himself or others, since July 1, 1889, have been in possession of said barn, and that defendants have fully paid the rent up to the time of their yielding possession, and aver that they are not indebted to plaintiff in any sum whatever. The allegations of the answer are put in issue by the reply of the plaintiff. There was a verdict for the defendants and judgment thereon, to reverse which plaintiff prosecutes error to this court.

The judgment cannot stand as to the defendant Hengen, since he confessed the averments to the petition by failing to answer, and allowing his default to be entered. (*Hardy v. Miller*, 11 Neb., 391.) Besides, plaintiff read on the trial the deposition of Hengen, which established every material allegation of the petition, and the liability of not only Hengen, but that of his co-defendant Brown. Under the pleadings, as well as by Hengen's own positive testimony admitting his liability, plaintiff was entitled to a verdict against him. The evidence adduced on the trial was conflicting. That given on behalf of the defendant Brown tended to establish the defense set up in his answer, namely, that the lease described in the petition was surrendered and canceled about the first of July, 1889, and that defendants were released from all liability for rent under

the lease after said date. Testimony of the plaintiff is to the effect that the lease was not terminated until January 1, 1890, when by agreement of both parties it was surrendered. Plaintiff is corroborated by the evidence of the defendant Hengen, who testified by deposition. All the witnesses agree that about the last of June, 1889, the defendants sold their livery stock and turned over the lease to one J. A. Walker, who immediately took possession of the stables, and paid to plaintiff as rent on the premises $450, as follows: $150 on July 1, and a like sum on the first day of each of the two following months. Plaintiff was not the owner of the ground upon which the stables stood, but held it under a lease from another. About the time of the transfer of the livery stock plaintiff was negotiating with Walker for the sale of the demised building to him, which resulted in the parties entering into a conditional contract of sale, but the conditions on Walker's part to be kept were never complied with. Subsequent to the making of this conditional agreement Walker paid the rents as above stated, the July payment being made by Hengen for him, receipts given for the same being made in his name. The defendant Brown claimed in the court below that the acceptance of rent from Walker discharged the lease, and upon this theory he requested, and the court gave, the following instruction:

"3. The jury are instructed that if you believe from the evidence that plaintiff, at the time he made 'a contract of sale of the premises in controversy, knew that defendants were also selling their livery business to the same party, and that said party so purchasing afterwards paid the rent, or any part thereof, to said Bouscaren, which rent was accepted by him as coming from said party, knowing he was in possession of said premises, such acts would release the defendants."

Undoubtedly it was competent for Bouscaren, by an express agreement, or by his acts, to have released Brown and

Hengen; but did he do so, and did the instruction fairly submit that question to the jury? There is evidence in the record tending to show that Walker went into possession under the defendants. In other words, he acquired their rights under the lease. It is true he paid a portion of the rents to the plaintiff, but the mere acceptance of this rent, even though Bouscaren at the time knew Walker was in possession, did not release Brown and Hengen from the obligation to pay the rent stipulated by them to be paid in the lease. The supreme court of Wisconsin in *Bailey v. Wells*, 8 Wis., 33, in passing upon the question, uses this language: "The authorities are clear that where the lease contains a covenant to pay the rent, the lessee continues liable therefor, notwithstanding the fact that the lease may have been assigned, and the lessor may have accepted rent of the assignee. This doctrine is founded upon the principle that the lessee having contracted and agreed to pay the rent, he is not released from his obligation, though the lease happens to have been assigned. (*Fletcher v. McFarlane*, 12 Mass., 43; *Port v. Jackson*, 17 Johns. [N. Y.], 238; *Walton v. Crownley*, 14 Wend. [N. Y.], 64, and cases there cited.) In the present case, Bailey, for a good and valuable consideration, entered into an agreement to pay the rent which might become due upon the lease, and he is bound by this agreement, though the lease may have been assigned and the lessor may have assented to the assignment." The rule just stated is supported by *Fanning v. Stimson*, 13 Ia., 42; *Barhydt v. Burgess*, 46 Ia., 476; *Harris v. Heackman*, 17 N. W. Rep. [Ia.], 592.

It cannot be successfully maintained that Bouscaren assented to the surrender of the premises by plaintiffs in error by agreeing to sell the barn to Walker. As previously stated, this contract was not absolute, but conditional. It was expressly stipulated in the contract that the title to the stable or barn should remain in the plaintiff until the consideration was paid in full. The purchase price was

$2,500, payable $500 every thirty days until the full amount was received. None of the payments were ever made. The instruction quoted omitted to submit to the jury certain evidence in the case. To the question, "At the time you had this conversation with Mr. Hengen, about the 1st of July, 1889, when he paid you the $150 rent, you may state to the jury what was said, if anything, in reference to releasing Brown and Hengen, or not releasing them from liability," the plaintiff testified that " Mr. Hengen told me at that time that he and Mr. Brown had made arrangements to turn over the stable to Mr. Walker, and that he wanted me to make that receipt for $150 as coming from Walker, and I objected to it, because I told him that I didn't know whether the agreement I had made with Mr. Walker would be carried out, and didn't want to release Brown and Hengen in any way. He told me it wouldn't be a release, and that Mr. Walker would go in there as the agent of Brown and Hengen until such time as the contract would be carried out sufficiently to satisfy me. And I told him, under these circumstances, that I would give him the receipt, as he asked it, for $150, and in case the agreement wasn't carried out, that the money, the remainder of the rent, would have to be paid by Brown and Hengen, and that Mr. Walker wouldn't be recognized in any other way but as the agent of Brown and Hengen, to which he acquiesced, and on that statement I gave him the receipt he asked for." Mr. Hengen testified that plaintiff was to notify defendants in writing when Walker paid the first $500, and that it was agreed, upon such payment being made, Brown and Hengen's obligations under the lease were to end and not until then; that he told Bouscaren that he might consider Walker the agent of Brown and Hengen until said first payment had been made by Walker; that the lease was terminated by Brown and Hengen turning over, or assigning, their lease to one J. H. Wood on January 1, 1890. The above testimony is uncontradicted,

yet it was wholly ignored by the charge referred to.   In-
structions to a jury should be based upon the pleadings and
evidence, and an instruction which withdraws from the
jury, or leaves them at liberty to disregard, material evi-
dence is erroneous.   Judgment reversed and cause re-
manded.

REVERSED AND REMANDED.