NATIONAL LUMBER COMPANY v. W. H. ASHBY ET AL.

FILED JUNE 26, 1894. No. 5419.

1. **Review**: MOTION FOR NEW TRIAL: AFFIDAVITS: BILL OF EXCEPTIONS. Affidavits used as evidence on the hearing of a motion in the district court will not be considered in this court in reviewing the action of the lower court in passing upon the motion unless they are presented in the form of a bill of exceptions.

2. ——: ——: ——: ——. Where a motion for a new trial, on the ground of newly discovered evidence, is overruled, the party who presented the motion is not entitled to a review of the decision of the trial court as to this ground of the motion unless all the testimony (in this case in the form of affidavits) used on the hearing of the motion is preserved and set out in the bill of exceptions.

3. **Pleading.** All material allegations of new matter contained in an answer are admitted and must be taken as true if no reply is made to them.

ERROR from the district court of Gage county. Tried below before BROADY, J.

*G. M. Humphrey,* for plaintiff in error.

*Griggs, Rinaker & Bibb, contra.*

HARRISON, J.

October 11, 1887, the plaintiff herein filed a petition in the district court of Gage county, in a case brought to that court by an appeal from the judgment of the county court, demanding judgment against the defendants in the sum of $131.50 and interest at ten per cent per annum from May 31, 1884, upon a promissory note signed by defendants, of date May 31, 1884, in the sum of $131.50, and providing for interest at ten per cent per annum. The defendant Zilla Ashby answered separately, and for herself alone alleges as a defense " that she was, at the time of her signing the note mentioned in plaintiff's petition, the wife of defendant W. H. Ashby, and signed said note at the request of said defendant W. H. Ashby, as surety for him merely, and that she received no consideration whatever therefor, and the same was and is void and created no liability as against her." W. H. Ashby filed a separate answer, admitting the execution of the note in suit, and further alleged in defense as follows:

"That the note sued upon was given in settlement and not in payment of an account for lumber purchased by this defendant from the Jones & McGee Lumber Company and from the plaintiff; and that the defendant Zilla Ashby signed said note at the request of this defendant, without any consideration and as security merely, and this defendant admits the execution of said note.

" 2. That the plaintiff is indebted to this defendant in the sum of $375, for services as attorney for plaintiff in the following cases in the district court of Gage county, Nebraska, to-wit: The Jones & McGee Lumber Company v. Newman & Winter; Jones & McGee Lumber Company v. Miller; Jones & McGee v. Yates and others; Jones & McGee v. Bush; Jones & McGee v. Casey; and for costs in case of Lumber Co. v. Greenslate and others, assigned to plaintiff, but not paid for by plaintiff. That all of said

services were rendered for plaintiff and its assignor, the Jones & McGee Lumber Company, at the request of plaintiff in the case of the Jones & McGee Lumber Company v. Newman & Winter, and that the payment of the defendant's claim in the other cases was assumed by plaintiff as successor, by purchase, of the Jones & McGee Lumber Company, and the plaintiff is now indebted to defendant for all of said services, and that said services were and are of the value of $375."

To this there seems to have been no reply, or if any, it is not contained in the record; nor does the record anywhere recite that a reply was filed. One assignment of error reads as follows: "The court erred in not permitting the plaintiff to recall Mr. A. D. McCandless as a witness in its behalf, after the discovery of the evidence mentioned in the affidavits of G. M. Humphrey and A. D. McCandless and before the jury had retired to consider its verdict;" and paragraph No. 6 of the motion for a new trial states as a reason for allowing a new trial: "Newly discovered evidence material for the plaintiff, as shown by the affidavits of Geo. M. Humphrey and A. D. McCandless submitted herewith, which evidence the plaintiff was unable with reasonable diligence, as shown by the affidavit of his attorney, G. M. Humphrey, to discover and produce on the trial." The only portion of the bill of exceptions to which reference is made by assignment of error No. 6 is contained on pages 14 and 15 thereof, where we find the following:

"WEDNESDAY, November 11, 1891.

"Court being open, plaintiff filed a motion to reopen this case on account of newly discovered evidence, and asks leave to recall Mr. McCandless. To which the defendants object.

"By the Court: The court rules on that question, that, as Mr. McCandless is not present, the case will not be reopened. We will not hold the jury for his presence. To the jury: You may retire with your bailiff."

There is nothing in this which gives us any light or information in the least as to whether the newly discovered evidence was material or not, or from which we can form any opinion regarding the exercise of the discretion of the court in overruling the motion, or whether there was any abuse of such discretion or not.

There are several affidavits in the record, which, from their nature and import, presumably were heard or read when the motion was presented, and also on the hearing of the motion for a new trial; but this court has repeatedly held that affidavits used as testimony in the district courts will not be considered in this court unless they are embodied in a bill of exceptions; and also affidavits used on the hearing of a motion for a new trial must be preserved in a bill of exceptions. In *Wohlenberg v. Melchert*, 35 Neb., 803, it was held: "Affidavits used at the hearing of a motion in the district court, to be available in this court, must be brought into the record by a bill of exceptions. * * * A party is not entitled to review, on appeal or error, the decision of a trial court in denying a new trial upon the ground of newly discovered evidence unless all the testimony given on the hearing of the motion is set out in a bill of exceptions." The affidavits in this case, in support of these motions, are not recognized in any manner, or otherwise authenticated, than that we discover them attached to the record, and probably one of them referred to in one or two sentences in the record. It is nowhere shown whether they were used for any purpose, and they cannot be considered here.

It is claimed that the verdict was contrary to an instruction asked by plaintiff and given, and also that the defense of set-off was not supported by sufficient evidence. As there was no reply, all the material allegations of the answer were admitted, and no further proof of the set-off necessary. According to the condition of the case when submitted to the jury, the defendant was entitled to have

the set-off allowed, and neither of the above objections could be or are of any avail or force. The same may be said and is true of the further assignment, that "the court erred in giving the instruction asked for by the defendants, to which plaintiff objected at the time." If there was any error in giving the instruction indicated in this assignment, it was not prejudicial, as the defendant W. H. Ashby was, under the pleadings, regardless of this instruction on the matter to which the attention of the jury was by it directed, to have the set-off allowed. The judgment of the district court is

AFFIRMED.