CULBERTSON IRRIGATING & WATER-POWER COMPANY V.
A. B. COX.

FILED NOVEMBER 18, 1897. No. 7561.

1. **Pleading**: NEW MATTER: PAYMENT. Where a petition declares for a balance due upon a contract and the answer pleads payment, such plea is a material allegation of new matter within the meaning of section 134 of the Code of Civil Procedure.

2. ———: REPLY TO NEW MATTER. A reply must be made to all the material allegations of new matter contained in the answer or they will be taken as true.

3. ———: PAYMENT. Payment is a matter of defense, and, in order to enable a party to prove the same, he must plead it.

4. ———: MATERIAL ALLEGATIONS. A material allegation is one essential to a claim or defense which cannot be stricken from the pleading without leaving it insufficient. (Code of Civil Procedure, sec. 135.)

ERROR from the district court of Hitchcock county. Tried below before WELTY, J. *Reversed.*

*F. I. Foss, L. H. Blackledge,* and *W. R. Matson,* for plaintiff in error.

RAGAN, C.

The Culbertson Irrigating & Water-Power Company seeks by this proceeding in error to reverse a judgment of the district court of Hitchcock county rendered against it in favor of A. B. Cox. Cox sued the irrigating company for a balance due him on a contract for labor performed by him in constructing a ditch for said irrigating company. For a defense the irrigating company alleged that it had paid Cox for all labor performed by him under the contract sued on. There was no reply to this answer.

Section 134 of the Code of Civil Procedure, among other things, provides that every material allegation of new matter in the answer not controverted by the reply.

shall, for the purposes of the action, be taken as true. The question presented is, where a petition declares for a balance due upon a contract and the answer pleads payment, whether such plea is a material allegation of new matter within the meaning of said section 134. In *McCann v. McLennan*, 2 Neb., 286, it was held that a reply was not necessary to new matter alleged in an answer unless the new matter constituted a counter-claim or set-off. This conclusion was reached by the court in construing the then section 108 of the Code of Civil Procedure in connection with section 109 of said Code as it then existed and section 134 as it exists at the present time. But the legislature of 1873 repealed section 108 of the Code of Civil Procedure and amended section 109 of said Code, which act of the legislature had the effect to destroy the force and effect of *McCann v. McLennan, supra,* as to the point under consideration. Since this legislation took effect the uniform holding of this court has been that a reply must be made to all material allegations of new matter contained in the answer or they would be taken as true. (*Dillon v. Russell*, 5 Neb., 484; *Williams v. Evans*, 6 Neb., 216; *Payne v. Briggs*, 8 Neb., 75; *Prall v. Peters*, 32 Neb., 832; *Bouscaren v. Brown*, 40 Neb., 722; *National Lumber Co. v. Ashby*, 41 Neb., 292; *Johnson v. Reed*, 47 Neb., 322; *Van Etten v. Kosters*, 48 Neb., 152; *Scofield v. Clark*, 48 Neb., 711.) Payment is a matter of defense which to be available the defendant is required to set up in his answer. (*Ashland Land & Live-Stock Co. v. May*, 51 Neb., 474.) In *Sharpless v. Giffen*, 47 Neb., 146, it was held that in an action on a promissory note want of consideration was new matter which must be specially pleaded and was not available as a defense under a general denial. We think, therefore, that when a petition declares for money due upon a contract an allegation of payment is a material one, and the defense of payment is new matter within the meaning of section 134 of the Code of Civil Procedure. Section 135 of the Code defines a material

allegation as one essential to the claim or defense which could not be stricken from the pleading without leaving it insufficient. In the case at bar the pleadings do not support the judgment rendered. It is accordingly reversed and the cause remanded with instructions to the district court to permit the plaintiff below, if he desires, to file a reply upon such terms as the district court may deem just.

REVERSED AND REMANDED.