FARMERS & MERCHANTS INSURANCE COMPANY v. THOMAS J. MALONE ET AL.

FILED JUNE 18, 1895.     No. 5782.

1. **Conflicting Evidence:** REVIEW. A verdict will not be set aside by a reviewing court as being against the evidence where upon a material issue in the case the evidence is conflicting.

2. **Trial:** ADMISSION OF TESTIMONY. Error cannot be predicated upon the exclusion of a certain line of testimony, where the same is subsequently received.

3. **Partnership:** CONTRACTS. Where one partner, during the existence of the partnership, entered into a contract with another within the scope of the partnership business, the firm will be bound thereby.

ERROR from the district court of Madison county. Tried below before ALLEN, J.

*Campbell & Wallis,* for plaintiff in error.

*Robinson & Reed, contra.*

NORVAL, C. J.

This action was brought by Thomas J. Malone and Milton Campbell under their firm name of Malone & Campbell to recover the sum of $343.55 claimed to be due them from plaintiff in error as commissions for services rendered in procuring applications of insurance. Upon a trial to a jury a verdict was returned in favor of the plaintiffs below in the sum of $205.97. From a judgment entered upon the verdict the insurance company prosecutes error.

It is admitted that on the 10th day of November, 1891, the plaintiff in error entered into a written contract with the defendants in error appointing them agents to solicit for the company applications for fire insurance in Madison county, and by the terms of which contract the plaintiff in error agreed to pay Malone & Campbell, as commissions, the amount of twenty-five per cent of the net premiums on all approved applications taken by them on detached residences, farm property, churches, and school houses written at specified rates, and the sum of twenty per cent on all mercantile business written by them at board or schedule rates, and accepted by the company. There is practically no dispute in the evidence as to the amount of insurance procured by defendants in error, or as to the amount of commissions which they have been paid for their services. The insurance company insists, and it introduced evidence on the trial tending to establish, that shortly after the aforesaid written contract of agency was made and not more than two applications had been procured thereunder, it, through its special agent, C. K. Huntington, entered into a verbal agreement with Milton Campbell, one of the defendants in error, for and on behalf of the said firm of

Malone & Campbell, by the terms of which said Huntington was to assist them in procuring applications of insurance for the Farmers & Merchants Insurance Company; that the expenses of obtaining the risks were to be borne equally by the company and the defendants in error, and the commissions and fees to be divided in the same manner, and that in pursuance of said verbal contract said Huntington, for the space of eleven days, went with and assisted Malone & Campbell in the work of soliciting insurance, during which time they jointly procured the major part of the applications upon which commissions are claimed in this case. That Huntington assisted the defendants in error in their work is conceded by them; and further, if there existed an oral contract by which the commissions were to be divided, as claimed by the insurance company, the judgment must be reversed. Whether such a contract was ever made was a question of fact for the jury to determine. The plaintiffs below deny that they entered into any such agreement, and testimony was received upon the trial which tends to support their contention. In fact the evidence upon that issue was of so conflicting a nature that the jury would have been warranted in finding either way, and such being the case, it cannot be said that the verdict is without evidence to support it.

Another assignment is that the court erred in excluding from the jury the evidence of the witness Huntington relating to the usage or custom existing between insurance companies and local agents as to the division of commissions when a special agent assists in obtaining applications. The plaintiff in error offered to prove such usage by Huntington on his direct examination, but the court rejected it. Whether it was competent to admit such proof it is unnecessary to decide, for if there was any error in the rulings it was cured by the witness Huntington testifying, on cross-examination, that such a usage existed.

Error is alleged in that the court erred in refusing to

submit to the jury the first request of the plaintiff in error, which reads as follows: "Where two parties undertake to transact business together and there is no agreement as to how the profits and losses are to be divided, the law presumes that the parties intended to divide them equally." This instruction was not applicable to the issues made by the pleadings, since the insurance company in its answer relied upon an express oral contract for a division of the commissions. The rule stated in the request to charge could only apply in the absence of an express contract between the parties.

Objection is made to the refusal of the court below to give the third instruction requested by the plaintiff in error, which is in the following language: "Each member of a firm is an agent of that firm in the transaction of the firm's business, and any agreement made by a member of that firm will bind the firm in reference to the firm business." It is a familiar rule of law that one partner can bind the firm by any contract which he may make on behalf of the firm during the life of the partnership and within the scope of the firm business. This principle was enunciated in the instruction refused. The request was applicable to the case made by the pleadings and proof. The insurance company contended that a verbal contract for the division of commission was made by it with Mr. Campbell, one of the defendants in error, for and on behalf of his firm. The jury should have been informed to what extent the firm of Malone & Campbell was bound by the agreement entered into in its behalf by one of the partners. The principle stated in the request was not covered by any of the instructions given. For the error indicated the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.