ELKHORN VALLEY LODGE NO. 57, I. O. O. F., ET AL. V.
THOMAS W. HUDSON.

FILED FEBRUARY 9, 1900. No. 9,138.

1. **Verdict: EVIDENCE.** A verdict of a jury will not be overturned by
this court, unless obviously wrong, and not supported by any
competent evidence.

2. **Search for Dead Body: FINDING: REWARD.** Where many persons
are engaged in the search for a dead body, for the recovery of

which a reward is offered, and one acting on his own account, independent of others, and for the purpose of securing the reward, succeeds in finding the missing body, he will be entitled to the whole of such reward.

3. **Question of Fact.** In a controversy over the right to such reward, or to a portion of it, whether a person acted independently of others and on his individual account, or whether the discovery was the result of the joint action and combined efforts of several, is a question of fact to be tried as all other controverted questions of fact.

4. **Instruction:** INTEREST. Error can not be predicated upon an instruction by the trial court regarding the time of computation of interest on the sum found due, unless exception is taken to such instruction at the time it is given.

5. **Deposit of Money in Custodia Curiae.** A party, in order to avoid the payment of interest upon an admitted obligation, regarding which there is a dispute as to who is entitled to recover, must bring the money into court to abide its final judgment, unless the court otherwise direct its disposition under the provisions of section 48 of the Civil Code.

ERROR from the district court of Holt county. Tried below before KINKAID, J. *Affirmed.*

*H. M. Uttley,* for plaintiffs in error.

*M. F. Harrington, contra.*

HOLCOMB, J.

An action was commenced by the plaintiff, defendant in error, for the recovery of the amount offered as a reward for the finding and recovery of the body of one Barrett Scott. The defendant, an organization or lodge of the Independent Order of Odd Fellows, admitted in its answer the offering of the reward, and pleaded that it was ready to pay the same to whomsoever was found to be entitled thereto, and that it had been notified by others that they claimed a *pro rata* share of the reward. A number intervened on the trial of the case in the court below. The jury returned a verdict in favor of the plaintiff for the full amount named in the reward. Judgment was thereupon rendered in his favor, and the action was dismissed as to the interveners.

47

While counsel for defendant in error presents different matters of practice and procedure which are argued as reasons for affirmation of the judgment of the court below, we prefer to confine our consideration to the merits of the case as disclosed by the record. The case appears to have been fairly submitted to the jury, and unless its verdict is against the clear weight of the evidence, it will not, under the uniform holdings of this court, be overturned here.

In the trial of the action, the interveners appear to have conducted their case upon the theory that all persons engaged in the search for the body of the deceased person at the time it was recovered were entitled to share *pro rata* in the reward, regardless of whether their actions were the result of a joint effort of all in a concerted movement for the discovery of the missing body. The mere fact of being one of a party discovering a dead body for which a reward has been offered is not of itself sufficient to entitle one to share in the reward. It must further appear that the efforts put forth were in conjunction with the party who succeeded in the search, and with whom there was co-operation for that purpose; that such persons were acting in concert, and by their joint efforts the desired end was accomplished. In our opinion, the law in such cases is, and should be, that where one engages in an effort, the accomplishment of which would entitle him to a reward, on his own account and independent of others, and succeeds in the undertaking, he would thereby be entitled to such reward and would not be required to have it apportioned between himself and others engaged in pursuit of the same object. In the case of *Janvrin v. Town of Exeter*, 48 N. H., 86, cited by counsel for plaintiff in error, the court says: "Upon the other point informally reserved, we are of the opinion that all the parties who joined in performing the service for which the suit is brought, must join as plaintiffs. It is obvious that two or more persons may join in detecting and apprehending an offender,

and if they do so, they are jointly entitled to the reward, and should join in the suit. It is like other cases of joint service, and is governed by the same rules. *If, indeed, sundry persons separately undertake to secure a culprit, and one without concert with others succeeds in apprehending him, he alone is entitled to the reward, and alone should sue.* There may be cases where it might be difficult to determine whether certain persons did act in concert or not, but this can not affect the rule that those who have jointly performed the service should join in the suit." (Italics are ours.) In our view, the foregoing opinion states quite clearly the legal principles applicable to the case at bar, and which were in substance embodied in the instructions of the court to the jury trying the case. The evidence of the plaintiff was to the effect that he was so acting on his own account, and independent of others, in the search for the missing body referred to. The evidence shows, or tends to show, that he first found the body, that is, discovered it in the bed of the river and raised it to the surface, where others with him took charge of the remains. If the jury believed his statements, as it is evident that they did, they were warranted in finding a verdict in his favor. That issue having been fairly presented to them as triers of fact, their judgment thereon can not be overruled, unless obviously wrong, and unsupported by any competent evidence.

It is urged that the organization offering the reward should not be held for the interest on the amount of the reward offered, because it stood ready to pay the same to the person or persons entitled thereto as the same might be determined upon a hearing of the controversy. Unfortunately, the lodge has not placed itself in a position to successfully urge the contention raised by counsel. No exception appears to have been taken by the defendant to the giving of the instruction to the jury with respect to the computation of interest on the sum awarded as the amount of the recovery. This of itself is fatal to defendant's contention in this respect.

See *Lowe v. Vaughan*, 48 Nebr., 651; *Costello v. Kottas*, 52 Nebr., 15. It does not appear that the money was ever brought into court, or that the defendant sought to avail itself of the provisions of section 48 of the Code, and because of its failure so to do, in either case, it can not now complain because interest is required of it on the amount offered in the reward.

No error appearing in the record, the judgment of the lower court should be, and is,

AFFIRMED.