JAMES E. DAVEY v. NANNIE DAVEY.

FILED APRIL 19, 1905. No. 13,770.

1. **Review:** EVIDENCE. Where the testimony is conflicting and is fairly submitted to the jury, a new trial will not be granted if there is evidence sufficient to sustain the verdict.

2. **Verdict, Setting Aside.** To justify the court in setting aside the verdict of a jury because it is not sustained by the evidence, it is not sufficient that the court might have reached a different conclusion from the evidence than that reached by the jury.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*A. W. Field, George E. Hibner* and *Ricketts & Ricketts,* for plaintiff in error.

*Charles O. Whedon* and *J. A. Brown, contra.*

LETTON, C.

James E. Davey, the plaintiff in error, who was defendant in the lower court, ·is the brother-in-law of Nannie Davey, plaintiff below. Mrs. Davey was the guardian of her children and wished to loan certain funds belonging to their estate. The defendant, desiring to assist her in this, procured notes payable to her from different parties

desiring loans, and exchanged the notes for her checks, the first check being given December 14, 1894, and other checks for various amounts being given until February 23, 1895. No written memorandum was made by either party at the time as to the parties whose notes had been taken, the dates or the amounts thereof. The plaintiff complained that among the notes thus given to her were two notes signed by E. J. Otto of $90 each; that sometime in 1896 she delivered these two notes to the defendant for collection, and that he never accounted for the proceeds or returned the notes. The action was brought to compel him to pay her the amount of these two Otto notes. The defendant admits that he received checks from the plaintiff and delivered notes to her to the amount evidenced by the checks, but affirms that he never gave her any notes signed by E. J. Otto, and that he never received from her for collection any such notes. In the district court the verdict and judgment were for the plaintiff, from which defendant prosecutes error.

It is seldom that the testimony in a case is so irreconcilable and contradictory as in this case. The plaintiff testifies that she received from the defendant two notes of $90 each signed by E. J. Otto, dated November 1, 1894, and November 15, 1894; that she took the notes and kept them with her papers in a tin box; that sometime afterwards she was notified by the county judge that she must make a report of her proceedings as guardian; that at that time she procured a small blank book, which is in evidence, and with the help of a neighbor, one Mrs. Ida Bennett, she made a list of the notes in her possession; that she read the dates, amounts and names of the makers of the notes to Mrs. Bennett who wrote them in the book, and that after the writing was done they went over it again to see that the list had been made correctly. In this list appears one note of E. J. Otto for $180, dated November 1, 1895. This testimony is corroborated by Mrs. Bennett, except that Mrs. Bennett says that she did not examine the notes or papers to see whether they corresponded in

fact with the information given her by Mrs. Davey. Mrs. Davey further testifies that she took a memorandum made at the same time as the book to the county judge as a report, but was told by him that this was not a proper report, and that she had better consult a lawyer; that she then procured Judge Roscoe Pound to make a report for her; that in 1896, at the time that a reception was given the Honorable W. J. Bryan at Lincoln, Nebraska, the defendant came to her house with one Horning and stayed all night; that the next morning before leaving he told her that Otto wanted to pay the notes and asked her for them; that she then gave them to him to collect; that he kept them, and that he has failed and refused to account for them since that time. Judge Pound testifies that he drew up the guardian's report at Mrs. Davey's request. In this report the following appears: "I also hold one note to E. J. Otto, dated November 1, 1895, due in one year, with 10 per cent. interest, $180. All interest is paid on this note to November 1, 1896, and it has been extended one year." He further testifies that, while he cannot remember specially the Otto note, he drew the report from papers that were actually produced to him; that he took the notes, sorted them out in order and drew the reports from the notes themselves; that he insisted on her bringing the papers themselves, and is positive that he did not rely upon anything but the papers and notes that he had before him. This report was signed and sworn to by Mrs. Davey on the 23d day of March, 1897. Mrs. Davey's father testifies that he heard defendant ask Mrs. Davey for the notes, and that she got the notes and gave them to Mr. Davey, at the time she fixes. For the defense, Mr. E. J. Otto testifies he never borrowed any money of the plaintiff, and never gave or executed any such notes as she describes. Defendant himself positively denies ever having given Davey any note signed by E. J. Otto, or having received any such notes from her for collection. It will be observed that Mrs. Davey's testimony that she gave the notes to defendant for collection in the summer

of 1896, and that he never returned the same to her, is contradicted by herself and Judge Pound. She testifies she gave the two notes to defendant at the time of the Bryan reception in the summer of 1896, while the list made by Mrs. Bennett and the report by Judge Pound both show that she apparently was in possession of one note of Otto for $180 in 1897. The facts are clear that the plaintiff paid defendant $1,062. She testifies she received the Otto notes from the defendant, and she is corroborated more or less as to the existence of such notes or note by Mrs. Bennett, Judge Pound, Mr. Betz, her father, and Mr. Hudson. The defendant has not accounted for notes which correspond with that sum. There is a discrepancy in the accounts of the parties, not in the exact amount of the alleged notes, but yet sufficient to cast a doubt upon the defendant's account.

The evidence is not at all convincing to our minds, but the case was submitted under appropriate instructions to twelve men who are made by law the triers of fact. They saw and heard the witnesses, and were much better able to judge as to which were telling the truth in this matter than we are. The plaintiff is a woman apparently of but little, if any, business experience or ability. The defendant has been the vice president of a bank, and was apparently accustomed to business methods. Both parties trusted to memory in these transactions, and the usual result has followed. Upon this positive conflict in the evidence the jury passed, and we are unable to say that the verdict is unsupported by the evidence.

As to the assignment that the court erred in giving instruction No. 5, it is sufficient to say that no exception was taken in the district court to the giving of this instruction.

The judgment of the district court should therefore be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.