JOSEPH F. PARKINS, APPELLEE, V. MISSOURI PACIFIC RAILWAY COMPANY, APPELLANT.

FILED OCTOBER 3, 1907. No. 15,069.

1. **New Trial.** A new trial will not be granted upon the ground of newly discovered evidence, where such evidence is merely cumulative and would not, in all probability, affect the result if a new trial were granted.

2. ————. Under the facts stated, *held* that the defendant is not entitled to a new trial upon the ground of surprise.

3. Evidence examined, and *held* sufficient to sustain the verdict.

APPEAL from the district court for Sarpy county: GEORGE A. DAY, JUDGE. *Affirmed.*

*James W. Orr, B. P. Waggener* and *E. R. Ringo,* for appellant.

*F. T. Ransom, H. Z. Wedgwood* and *W. R. Patrick, contra.* ᷠ

LETTON, J.

This is the third time this case has been before this court for review. In the last opinion, written by Mr. Commissioner ALBERT (76 Neb. 242), nearly all of the questions which are now presented in the brief of the appellant were considered and determined. The case has again been submitted to a jury upon the issue whether the gravel furnished and to be furnished was in fact suitable in the judgment of the defendant's superintendent for ballasting defendant's roadbed. The evidence at this trial was substantially the same as at the former trials. The former opinions of this court, wherein it is held that the petition stated a cause of action, that the contract was an entire contract for 50,000 yards of gravel, that the letters of the defendant's officials were competent evidence, that the gravel taken from the Union Pacific pit was proper to be supplied under the contract, and that interest is recoverable from the date of the expiration of the contract, settled the law of the case, and we see no reason for departing from the conclusions then arrived at.

The main point in controversy at this time is whether or not the amount of damages awarded to the plaintiff by the jury is warranted by the evidence, and whether there was such surprise to the defendant at the trial, and discovery of new evidence since the trial, as rendered it error upon the part of the trial court to refuse to set aside the verdict and grant a new trial. Since the amount of the plaintiff's damages was based upon the loss of profits which he had sustained by reason of the refusal of the defendant to accept the gravel purchased, it was incumbent upon him to prove the actual cost to him of the gravel loaded upon the cars according to contract. He

proved that he had a contract with one Innhilder to load the gravel upon cars at the Springfield gravel pit for 15 cents a cubic yard, and as to the cost of loading at the other pit the plaintiff testified that he could take out 1,000 yards of gravel a day from the Union Pacific pit with an elevating grader; that it would take 15 or 20 teams to haul it to the railroad track, a distance of about 2,500 to 3,000 feet; that in 1893, 1894 and 1895 he could procure all the teams and men he wanted at the rate of $2.50 a day for man and team, and that a man and team could haul 20 loads of gravel a day to the cars. In this connection he further testified that he could load the gravel upon the cars at the switch for 20 cents a cubic yard, and that he had an arrangement with one Al Brainard to take the gravel from the pit and load it upon the cars for 20 cents a cubic yard. Upon cross-examination it was disclosed that, while he had testified at former trials that he could load the gravel for 20 cents a yard, he had not previously testified as to any arrangement or contract of this kind with Brainard. The defendant introduced the testimony of two civil engineers and two gravel shippers substantially to the effect that it would cost from 45 to 70 cents a cubic yard to load and ship this gravel if it had to be hauled to the Union Pacific tracks. There is other evidence, however, offered by the defendant, that in 1897 the plaintiff made a written offer to sell gravel to the defendant at 45 cents a cubic yard upon the cars at the gravel pit track, or from the pits worked by the Union Pacific Railroad at 55 cents a cubic yard, saying "this would have to be hauled 3,000 feet, which would add the extra cost." Upon a consideration of all the evidence as to the cost of furnishing the gravel, the jury allowed the plaintiff a net profit of about $14\frac{1}{2}$ cents a cubic yard. This fixed the cost to the plaintiff of the gravel hauled to the cars and loaded at about 30 cents a cubic yard. This fixes the cost at a greater sum than that which the evidence offered by the plaintiff tended to establish, and at a lower cost than the testimony of the

defendant's witnesses would indicate the cost to be. In view of all the testimony, we cannot say that the verdict is unsupported by the evidence, and under the established rule the verdict of the jury must be taken as final upon the question of fact.

After the verdict, and before a hearing upon the motion for a new trial, the defendant procured the affidavit of one Al Brainard, who appears to be the same individual with whom the plaintiff testified he had an agreement to load the gravel for 20 cents. The affidavit is to the effect that Brainard had never had any agreement with Parkins to load gravel for 20 cents a cubic yard, and that from his experience in work of that kind he would testify that the digging, hauling and loading of the gravel was worth about 47 cents a cubic yard. Many grounds were assigned in the motion for a new trial, but among those most insisted upon were that the defendant was surprised by the evidence of Parkins as to the contract with Brainard to load the gravel for 20 cents, and on account of newly discovered evidence, being that of Brainard that he had no such agreement with Parkins, and that the loading of the gravel would in fact cost a much greater sum. The motion for a new trial was overruled by the court. Most of the grounds assigned therein were disposed of when this case was here before, but the assignment of error for overruling the motion upon the grounds of surprise and newly discovered evidence remains to be considered.

The verdict of the jury is evidently not based upon the testimony of Parkins that he could load the gravel for 20 cents a cubic yard, or that he had an arrangement whereby it was to be loaded for that price, for they fixed the cost at a sum greater by one-half. No surprise at the testimony of Parkins that the gravel could be loaded for 20 cents a cubic yard could be claimed by the defendant, since at former trials his testimony had been to the same effect, but it is urged that, since he had never testified to a contract with Brainard, the defendant was surprised

by this testimony. It is shown, however, that he had never been asked as to the existence of any contract to load the gravel at this price, and there is nothing in the record which shows that the defendant might not have ascertained the claim of Parkins that such a contract ex-. isted by the ordinary process of cross-examination. The defendant was not surprised by the claim that the cost of loading was only 20 cents a cubic yard, but claimed to have been surprised merely by the collateral fact that one Brainard was ready and willing to load the gravel for Parkins at that price. It will be observed that when this testimony was given the defendant made no effort to obtain a continuance in order to procure the evidence of Brainard, and did not complain of surprise until after the verdict had been rendered. If it had deemed the surprise material, it should have immediately applied for time to procure the necessary testimony to meet the new fact, and not waited until an unfavorable verdict had been reached before it acted. We think, upon the whole record, the defendant was not entitled to a new trial merely upon the ground of being surprised by Parkins' evidence regarding his arrangement with Brainard.

We are further of the opinion that a new trial should not be granted upon the ground of newly discovered evidence. The defendant had ample notice at former trials of what Parkins' testimony would be as to the cost of loading the gravel. At this trial it introduced the testimony of several witnesses upon this point, and the additional evidence of Brainard as to the cost of loading the gravel would merely be cumulative. We do not think it cumulative to such a degree or of such importance that its production would be apt to change the result.

The verdict seems large, but, when the amount of interest allowed under the instructions of the court is deducted, it leaves the recovery for loss of profits, as we have seen, at less than 15 cents a cubic yard, and this, under the law as formerly settled in this case and the evidence adduced, seems to be as fair an estimate as a jury is

ever liable to make in a case where there is such a decided conflict in the testimony.

For these reasons, the judgment of the district court is

AFFIRMED.