FRED KRAUS, APPELLEE, v. O. A. CLARK, APPELLANT; ADDIE CLARK, APPELLEE.

FILED APRIL 23, 1908.   No. 15,170.

1. Trial: RIGHT TO OPEN AND CLOSE. "In the trial of a case the party first required to produce evidence is entitled to open and close the argument." *Zweibel v. Myers*, 69 Neb. 294.

2. Appeal: VERDICT: CONFLICTING EVIDENCE. Where testimony is conflicting, and it is fairly submitted to the jury, a new trial will not be granted if there is evidence enough to sustain the verdict, even though this court might differ with the trial judge and the jury as to the weight of the evidence.

3. New Trial: NEWLY DISCOVERED EVIDENCE. A new trial will not be granted upon the ground of newly discovered evidence, where such evidence is merely cumulative, and would not in all probability affect the result, if a new trial were granted.

4. ———: DILIGENCE. Where a party forgets the presence of a witness to an important conversation until after the trial, he cannot obtain a new trial on the ground of newly discovered evidence, relying upon the testimony of such witness.

5. Evidence in this case examined, and *held* sufficient to sustain the verdict of the jury.

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*R. J. Nightingale*, for appellant.

*A. Wall* and *R. H. Mathew, contra.*

ROOT, C.

Suit for balance alleged to be due plaintiff from defendants, who are husband and wife, for wages earned by plaintiff's minor son while in defendants' employ. Plain-

tiff recovered judgment for $34.50 against O. A. Clark, and said defendant appeals.

The errors assigned may be properly grouped under three heads: (1) That the court erred in permitting plaintiff to open and close the case; (2) that the evidence is insufficient to support the verdict; and (3) in refusing to grant a new trial for newly discovered evidence.

1. The allegations in the pleadings are somewhat indefinite, and in consequence the issues are not clearly joined, but we are satisfied from an inspection of the transcript that the burden was on plaintiff to prove the contract of employment as against defendant Addie Clark, and, as to defendant O. A. Clark, to prove the length of time the boy worked for him. Before any testimony was introduced defendant O. A. Clark demanded that he be given the opening and closing of the case, and the court overruled his request. After the evidence was all in said defendant was given permission to amend his answer, so as to exclude therefrom a denial, but we cannot ascertain from the transcript that the amendment was made, nor do we think it would have changed the rights of the parties in this particular. The right to open and close a case is governed by the state of the pleadings at the commencement of the trial, and not by admissions made in court during the trial. Code, sec. 283; *Zweibel v. Myers,* 69 Neb. 294; *Omaha & R. V. R. Co. v. Walker,* 17 Neb. 432.

2. If the jurors believed plaintiff's testimony there was ample support for the verdict. A verdict for defendant would also be justified from a consideration of all the evidence. The transcript does not contain a copy of the instructions, so we assume that they were fair and properly submitted the law of the case. The verdict is not so manifestly wrong and against the clear weight of the evidence as to justify us in granting a new trial on that ground. *Davey v. Davey,* 73 Neb. 726.

3. The newly discovered evidence is the testimony of a boy, Kisling, who claims to have been present about

Kraus v. Clark.

Christmas at a pond upon his father's farm, when Clark was loading ice, and there heard a conversation between plaintiff and defendant. The parties admit they were talking at said time and place, but do not agree concerning what was said. Plaintiff testified that he demanded money from defendant, and told him not to pay any money to his son Charles; whereas defendant testified that nothing was said about not paying to the son, only a demand for payment, and Kisling corroborated defendant. Defendant says he did not know the boy's name, and had forgotten till after the trial that a boy was present during said conversation. The testimony would contradict plaintiff, but is cumulative merely. Defendant admits plaintiff was sharply insisting on payment. He does not deny plaintiff's testimony that three weeks after the interview at the pond plaintiff again demanded payment, and that defendant told him there was a balance of $34.-50, and offered to pay it to plaintiff, but plaintiff refused to settle that way. Soon thereafter defendant paid this balance to the minor son by a check, payable not to the father, but to the son. We cannot say the admission of Kisling's testimony would have changed the verdict, nor can we hold defendant was diligent in securing the evidence. The case had been tried in the county court, so defendant was advised as to the testimony he would face in the district court. If Kisling was present to assist in loading the ice, as he says he was, defendant must have seen him, and inquiry of the owner of the land would have developed the name of the boy. The fact that defendant forgot that the boy was present will not warrant sending this case back for a new trial. *Bowman v. Clemmer,* 50 Ind. 10; *Munn v. Worrall,* 16 Barb. (N. Y.) 221; *Parkins v. Missouri P. R. Co.,* 79 Neb. 788.

A careful consideration of the record will not disclose reversible error, and we therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

40

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.