CHARLES F. CROCKER, APPELLANT, V. WILL H. STEIDL, APPELLEE.

FILED DECEMBER 5, 1908. No. 15,413.

1. **Evidence of Value:** COMPETENCY. Where the value of a stock of general merchandise was in issue, it was not competent to inquire of a witness, not shown to have seen, or to know anything about the condition of, said stock, what was the fair market value of said goods.

2. **Appeal:** EVIDENCE. If the testimony is conflicting and is fairly submitted to the jury, a new trial will not be granted if there is evidence sufficient to sustain the verdict, even though this court might have reached a different conclusion from the evidence than that attained by the jury.

3. ———: BILL OF EXCEPTIONS. An affidavit relating to newly discovered evidence will not be considered in this court unless included in a bill of exceptions.

APPEAL from the district court for Pawnee county: JOHN B. RAPER, JUDGE. *Affirmed.*

*J. C. Dort,* for appellant.

*Story & Story, contra.*

ROOT, C.

In the spring of 1906 plaintiff was engaged in the general merchandise business. By virtue of letters and telegrams the parties hereto entered into a contract whereby plaintiff was to sell to defendant, and the latter was to purchase, plaintiff's stock of goods, for the consideration of the cost price of the groceries and 90 per cent. of the cost price of all other goods contained therein. Defendant refused to comply with his contract, and plaintiff instituted this action for damages. Plaintiff recovered a verdict for $1, and appeals to this court.

1. Concerning the instructions given by the court on its own motion, we are of opinion that plaintiff should not complain, for the reason that he did not request instructions more definite in the particulars criticised, and the court seems to have given every instruction submitted by plaintiff.

2. It is argued that the court should have permitted the witness Munneke to testify as an expert upon an assumed state of facts concerning the market value of the merchandise in question. The witness had never seen the goods, nor did he know the proportion of boots, shoes, dry goods, groceries or clothing contained in the aggregate of said stock, or when the articles were purchased, or their condition or qualities. The offered testimony was properly excluded. *Smith v. First Nat. Bank,* 45 Neb. 444.

3. It is asserted that the verdict must have been the result of prejudice and passion because the evidence clearly demonstrates that plaintiff was entitled to substantial damages and for a much greater sum than $1. According to the testimony of plaintiff and that of two other witnesses the stock of goods bargained for cost about $9,000 but was not worth on the market to exceed 75 per cent. of that price. Defendant, on the other hand, qualified as competent to testify upon this issue by showing that he had been engaged in the general merchandise business in southeastern Nebraska for 10 or 12 years preceding said

trial; that he had made a critical examination of said stock, and that the shirts, dry goods, shoes and groceries therein were worth their cost price, and the clothing worth 90 per cent. thereof. The evidence does not indicate that said stock contained any merchandise other than groceries, shirts, dry goods, shoes and clothing. If the jurors believed defendant, and discredited plaintiff and his witnesses, their verdict is supported by the evidence. The credibility of the witnesses was peculiarly for the determination of the jury. The evidence would have sustained a much greater recovery for plaintiff, but the verdict is not so manifestly wrong as to justify us in granting a new trial. *Davey v. Davey,* 73 Neb. 726.

4. Plaintiff argues that he was entitled to a new trial because of newly discovered evidence. The assignments of error do not raise this question, nor does the bill of exceptions contain any of such evidence. We cannot consider said point. *Omaha, N. & B. H. R. Co. v. O'Donnell,* 24 Neb. 753. The transcript contains the copy of an affidavit of plaintiff's counsel relative to such evidence, but it cannot be considered in this court because not embodied in a bill of exceptions. *Ray v. Mason,* 6 Neb. 101; *Vindquest v. Perky,* 16 Neb. 284; *National Lumber Co. v. Ashby,* 41 Neb. 292.

A careful consideration of the record satisfies us that plaintiff's motion for a new trial was properly overruled, and we therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.