CASES DETERMINED

# SUPREME COURT OF NEBRASKA

AT

## SEPTEMBER TERM, 1908.

---

### NICHOLS & SHEPARD COMPANY, APPELLEE, V. FRANK STEINKRAUS, APPELLANT.

#### FILED DECEMBER 17, 1908. No. 15,425.

1. **Trial: VERDICT: FAILURE TO OBJECT.** In an action upon a promissory note, the execution of which was admitted, and the defense was fraudulent misrepresentations of fact and breach of warranty as to the quality of the property for the purchase price of which the note was given in part, the court instructed the jury that their finding should be in favor of plaintiff upon its cause of action for a specified sum, being the principal and interest due upon the note. The jury returned a verdict finding the amount due plaintiff to be 10 cents less than the sum named by the court in the instruction. No objection was made to the verdict, and the erroneous computation was not called to the attention of the court until after judgment had been rendered. *Held*, That the objection came too late; that, if the jury made an error of 10 cents in computing the interest, the attention of the court and jury should have been called to the fact, if at all, before the discharge of the jury, in order that the verdict might be referred back and the proper computation made.

2. **Costs, Taxation of: FAILURE TO EXCEPT: REVIEW.** The action having been instituted in the district court, and the verdict and judgment having been found and entered for $200, which was within the jurisdiction of a justice of the peace, the defendant moved the court for a retaxation of the costs, taxing plaintiff costs to it. The motion was sustained, and the costs so ta[xed] and to which no exception was taken. *Held*, No error, and the action of the court was final and could not be revie[wed in] the supreme court.

4 (1)

3. Appeal: INSTRUCTIONS: HARMLESS ERROR. An instruction given by a court to the trial jury, which, if wrong, could not have been prejudicial to the party complaining, will not be examined upon a hearing on appeal.

4. Instructions based upon the issues and evidence, if reflecting them correctly, are not erroneous.

5. Appeal: VERDICT: EVIDENCE. The jury being the sole judges of the weight of the evidence, their verdict will not be set aside if sustained by any reasonable construction of the evidence.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Berge, Morning & Ledwith,* for appellant.

*Billingsley & Greene, contra.*

REESE, C. J.

This is an action upon a promissory note for $200, bearing date March 10, 1904, with interest at 6 per cent. per annum from its date. The suit was instituted in the district court for Lancaster county, as the accumulation of interest, if computed, would render the action beyond the jurisdiction of a justice of the peace.

The defendant answered, admitting the execution of the note, but alleging as defenses: First. That the note was given as a part of $550 agreed to be paid as the difference between the price of two traction engines exchanged by the parties, and that at the time of the exchange plaintiff represented that the engine traded to him was sound and in good working order in every particular, fit and suitable for the purpose for which he desired to use it; that the representations were untrue and false, and known to be so when made, but unknown to defendant; and that defendant relied upon and believed the ⟨...⟩e, and would not have made the exchange but for the ⟨...⟩sentations. Second. That at the time of the ex⟨...⟩e and the execution of the notes plaintiff warranted ⟨...⟩gine to be in good working order and in good con-

dition in every particular, and in all respects suitable and fit for good work as a traction engine, and defendant relied upon such warranty. Third. That the engine was not sound and suitable for the work intended, but was defective, specifying the particulars in which it was claimed the defects existed, and which were unknown to defendant at the time of the exchange, and that said engine was worth no more than the one given plaintiff in exchange; that as soon as defendant discovered the defects in said engine he notified and requested plaintiff "to make it right, but plaintiff denied that there was anything wrong with said engine, and refused to do anything in the matter of repairing and making the same according to representations"; that he had paid the sum of $50 on the note in suit, and at the time requested plaintiff to make good to him the damage he had sustained, but plaintiff had refused so to do, and refused to accept or receive said engine when its return was offered by defendant; and that defendant had been damaged by the fraudulent representations in the sum of $550.

To this answer plaintiff replied, first, by general denial; second, by setting up the contract entered into at the time of the exchange; third, that by reason of the terms of said contract defendant was estopped to avail himself of the matter alleged in the second defense set up in the answer.

A jury trial was had, which resulted in a verdict being returned finding for the plaintiff on its cause of action for $235.75, and in favor of defendant on his cause of action in the sum of $35.75, and assessing the amount of plaintiff's recovery at $200, an amount equal to the face of the note without the addition of interest. Defendant filed a motion for a new trial. Plaintiff filed a motion, moving the court "to enter judgment herein for the plaintiff for the sum of $235.75, or set aside the verdict of the jury in so far as the finding of $35.75 in favor of defendant is concerned, and grant plaintiff a new trial upon the cross-action of defendant," assigning a number of grounds

therefor. Both motions were overruled, and judgment was rendered upon the verdict, to which exceptions were entered. Plaintiff also filed a motion for judgment for the sum of $200.10 allowing the finding in defendant's favor for $35.75 to stand, and alleging that the true amount due on the note at the time of the return of the verdict was $235.85. This motion was overruled, and exception was duly taken.

In the instructions given to the jury, the court directed them to find that there was due plaintiff on its cause of action the sum of $235.85, and then determine the amount of damages due defendant, if anything, and find for plaintiff or defendant according as the balance might be. This the jury did not do, but found the amount due plaintiff to be $235.75, as above stated. If the true amount due upon the note was in fact $235.85, which we do not determine, the attention of the court should have been called to the error at the time of the return of the verdict, in order that the question might be referred back to the jury for the correct computation. A failure to do this must be considered as a waiver of the error, if one had been made. As the motion was not made until after judgment, and in view of the very slight error, if any was made, we must hold that it came too late, and that there was no error in the action of the court.

Defendant then filed a motion to retax plaintiff's costs, and require plaintiff to pay its own costs, amounting to $82.47, on the ground and for the reason that plaintiff did not recover more than $200. This motion was sustained, and the costs named were taxed to plaintiff. To this ruling no exception was taken, and under the well-recognized and established rules of practice we must treat the action of the district court as final. This leaves the case to be disposed of upon the appeal of defendant.

It is contended that the court erred in giving instruction numbered 6, given upon the court's own motion. The instruction is too long to be here copied. Defendant testified that, in order to induce him to sign the written order

or contract to which he placed his name at the time of the exchange of the engines, he accepted the statements of plaintiff's agents as to its contents, without reading it, giving as his reason therefor that there was not sufficient light, and that, had he read it, he would not have understood its terms; he being of foreign descent, and not sufficiently familiar with the English language to comprehend the meaning of parts of the instrument, and that the printing was made with very small type. The contract contained the provisions that "second-hand machinery, and machinery not built by Nichols & Shepard Company, is not warranted"; that "no representations or guarantees have been made by the salesman on behalf of Nichols & Shepard Company, which are not herein expressed"; also, that defendant would "not hold Nichols & Shepard Company responsible for any agreement not expressed in this order," and the further provision under the word *"Notice"* that "no general or special agent or local dealer is authorized to make any change in this warranty." He also testified that, not being able to read and understand the contract, he relied upon the warranty and representations made by plaintiff's agents, which were different from those contained in the written contract which he signed. The instruction complained of submitted the questions of fraud and warranty to the jury, also the condition as to light, the circumstances, etc., under which the contract was signed, and the contention of defendant that the representations and warranty alleged to have been made were made to him verbally, and that, if plaintiff practiced fraud upon defendant in the manner claimed by him, he would not be bound by the writing, but closing with the sentence: "In this particular you are instructed that a man before signing a paper should exercise reasonable care to learn what is contained in said paper by reading it himself, or, if he cannot read it understandingly, by having it read to him." This latter part of the instruction is objected to as being erroneous. As we view the case, the addition of the quoted words, whether correct or

incorrect, could work no prejudice to defendant. The verdict of the jury is in his favor for the amount of damages which they found he had sustained by reason of the failure of the engine to comply with the warranty and representations of plaintiff's agents. In order to do so, they must have adopted defendant's theory as to entering into the contract as disclosed by his evidence, and therefore the instruction, if erroneous, did him no harm. This being true, we do not deem it necessary to examine the instruction.

Objections are made to other instructions, given by the court, but we are unable to see that they are meritorious. They are governed by the pleadings and evidence, and fairly submitted the case to the jury. We have read the pleadings, evidence and instructions, and must be content with saying in this general way that we find no error in the proceedings. If there has been a miscarriage of justice, the fault must rest with the jury in not properly considering all the evidence and giving it the weight to which it may have been entitled. They being the sole judges in these particulars, we cannot molest their finding.

It follows that the judgment of the district court should be and is

AFFIRMED.