T. O'CONNER, APPELLANT, v. JOHN WITTE, ADMINISTRATOR, APPELLEE.

FILED MAY 7, 1909. No. 15,684.

1. **Appeal:** EVIDENCE. Where evidence is conflicting but fairly submitted to the jury, a new trial will not be granted if there is sufficient evidence to sustain the verdict, even though this court may differ with the jury as to the weight of that evidence.

2. ————: HARMLESS ERROR. If the evidence of a witness is erroneously excluded, but subsequently admitted, the cause will not be reversed because of said error.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Charles A. Robbins* and *Bartos & Bartos,* for appellant.

*J. H. Grimm & Son, contra.*

ROOT, J.

Action upon a promissory note given in settlement of a physician's bill for medical services rendered the maker. The allegations in the petition would also support a verdict upon an alleged agreement independent of the note to pay for said services. Defense, that the note had been fraudulently forged and raised in amount. Verdict for the defendant, who is administrator of the estate of the payor, and plaintiff appeals.

1. The court instructed the jury to only consider the cause of action upon the note. Plaintiff did not except to the giving of, or refusal to give, any instruction, so that the verdict must stand if supported by the evidence, unless there was prejudicial error in admitting or excluding evidence.

It is argued that the verdict rests upon false testimony. It is sufficient to say that the testimony of the witnesses is conflicting, but the credibility of witnesses is for the jury and not this court to pass upon. If those triers of fact believed defendant's witnesses and rejected the testimony of plaintiff and his witness, their verdict is sustained by the evidence. The original note is in evidence, has been examined under a microscope by the writer of this opinion, and does not appear to have been altered. However, the "6" in the figures "160" is peculiarly formed, and this fact, in connection with the testimony of defendant's witnesses, lends support to the finding of the jury. The contradictory evidence is not so overwhelming as to justify us in setting aside the verdict. *Parlin, Orendorf & Martin Co. v. Albrecht,* 57 Neb. 99; *Elkhorn Valley Lodge v. Hudson,* 59 Neb. 672; *Kraus v. Clark,* 81 Neb. 575.

2. It is claimed that the court should have received evidence concerning the consideration of the note, because such evidence would have supported the second cause of action, and also give color to plaintiff's testimony that the note was for $160 when signed by Fred Witte. The

first theory is out of the case on the instruction to which no exception was taken, and plaintiff did testify that Witte owed him for 16 weeks' services at the rate of $10 a week. The fact that plaintiff made said claim is also shown by defendant's witnesses, so that the facts were all before the jury, and whatever error was committed in rejecting said testimony in the first instance was cured by its subsequent reception. *Deitrichs v. Lincoln & N. W. R. Co.*, 13 Neb. 361; *Farmers & Merchants Ins. Co. v. Malone*, 45 Neb. 302; *Shull v. Barton*, 58 Neb. 741.

The judgment of the district court therefore is

AFFIRMED.