H. J. BACKES, APPELLANT, V. NEILS MADSEN, APPELLEE.

FILED APRIL 9, 1910.   No. 15,966.

Appeal: EVIDENCE.  Where conflicting evidence has been fairly sub-
mitted to a jury in an action at law, the verdict will not be set
aside as contrary to the evidence, if there is sufficient evidence
to sustain it, even though this court upon a consideration of all
of the evidence might have reached a different conclusion.

APPEAL from the district court for Greely county: JAMES R. HANNA, JUDGE. *Affirmed.*

*Sullivan, Reeder & Lightner, T. J. Howard* and *R. P. Drake,* for appellant.

*J. R. Swain* and *J. E. Kavanaugh, contra.*

ROOT, J.

This is an action for the contract price of fruit trees which plaintiff alleges he sold and delivered to the defendant.  The defendant prevailed, and the plaintiff appeals.

1. The jury were instructed: "You are instructed you will consider solely the one question of whether or not the defendant, Madsen, accepted or made use of the trees, or any portion thereof, mentioned in the contract attached to plaintiff's petition, after they were left at his place by the plaintiff in October of 1906.  If he did so accept, or at any time thereafter exercise dominion or control over said trees, or any portion thereof, by covering them up for protection during the winter, or in any manner treating them as his own, then your finding and verdict should be for the plaintiff; but, if he did not make use of any of said trees, or exercise any dominion or control over them, then your finding and verdict should be for the defendant." This instruction substantially follows instruction numbered 4, requested by the plaintiff.  The plaintiff insists that the verdict is not supported by sufficient evidence and

is contrary to said instruction. The evidence discloses that the defendant sought to countermand his order and rescind his contract, but the plaintiff refused to acknowledge the defendant's right so to do, and on a Sunday in October, 1906, deposited the trees referred to on the defendant's private roadway within about 20 feet of the latter's house, although the defendant refused to accept the trees, and stated that he would not transact any business on Sunday. The succeeding day the defendant went to the plaintiff's place of business, tendered the contract price, and demanded the trees, but plaintiff's agent insisted that they had been delivered, and ordered the defendant to leave the premises. Trees, evidently the ones left at the defendant's place on Sunday, were noticed by witnesses shortly thereafter in a neighbor's cornfield about 50 yards from the defendant's house. Thereafter the trees disappeared. Madsen's daughter, 15 years of age, took some of the trees from the cornfield and gave them to Mrs. Howels, a neighbor, but the testimony is undisputed that she did so voluntarily, without her parents' knowledge. The plaintiff and some of his witnesses testified that the following season they found some of the trees planted at different points upon the defendant's farm, and exhibited four labels taken by them from the trees to corroborate their testimony. The testimony of these witnesses is denied or explained by the testimony of the defendant and that of his family, corroborated in some particulars by the testimony of disinterested witnesses. Upon rebuttal the plaintiff called two witnesses who testified they saw Madsen's minor sons take the trees out of the cornfield and place them in trenches in Madsen's garden, where the trees remained until the following spring.

The plaintiff's counsel assert that this testimony is uncontradicted, and demonstrates that the verdict does not respond to the evidence, but is the creature of passion and prejudice. The testimony should have been produced in chief. Whether the defendant and his witnesses were present at the time Mrs. Jones and her son testified, the record

does not disclose, but it may be presumed they were. It is true that the defendant did not testify in surrebuttal, but his testimony in chief is emphatic and direct that none of the trees in question were, to his knowledge or with his consent, planted upon his farm, and that he had not touched the trees, and directed his children not to handle them. Mrs. Madsen and her children also testified that none of the trees were planted upon the defendant's farm, so that the testimony of the witnesses given in rebuttal is in effect, if not in terms, contradicted by the defendant's testimony and that of his witnesses. We do not say we would hold upon the record, if we were to try the case anew, that the preponderance of the evidence is with the defendant, but we are not vested by the constitution or the statute with the power to ignore the verdict of a jury in an action at law, and retry the questions of fact involved, without reference to the jury's finding. In so far as the evidence conflicts, it is a question of the credibility of the witnesses, and that question is for the jury to determine. If the jury believed the defendant and his witnesses, the verdict is supported by the evidence. *Nichols & Shepard Co. v. Steinkraus,* 83 Neb. 1; *Crocker v. Steidl,* 82 Neb. 850.

2. Instructions numbered 6, 8 and 9, given by the court, are criticised, but we think the plaintiff has no substantial ground for his complaint. These instructions deal with some particularity with a description of the acts, which, if committed by the defendant or the members of his family, would, in the judgment of the court, have constituted an acceptance of the trees.

Upon the entire record, we find no reversible error, and the judgment of the district court, therefore, is

AFFIRMED.